SOSMAN et al. v. GREAT SOUTHERN FIREPROOF HOTEL CO.

(Circuit Court of Appeals, Sixth Circuit. June 3, 1902.)

No. 1,035.

1. MECHANIC'S LIEN — AFFIDAVIT OF SUBCONTRACTOR — SUFFICIENCY UNDER · OHIO STATUTE.

Bates' Ann. St. Ohio, § 3185, requires a subcontractor, in order to be entitled to a mechanic's lien, to file an affidavit, which shall contain an "itemized statement" showing the value and amount of labor done or materials furnished, and also "a copy of the contract if it is in writing." An affidavit filed thereunder contained a copy of a contract by which the claimant agreed to furnish, to be used in a building, for a lump price, "certain described scenery, stage work, fixtures, and properties," "as set forth in detail in a certain specification, which is marked 'A,' attached to, and is hereby made a part of, this contract." The affidavit also stated that it contained an itemized statement of account, marked "Exhibit A." But a single paper marked "Exhibit A" was filed, which was in the form of an account including a large number of items of stage scenery, etc., but with no price attached to such items. *Held*, that under the liberal construction to be given to the statute, in accordance with the rule of the supreme court of the state, such exhibit might fairly be considered as constituting both the specification of the contract and the itemized statement of account, and that the affidavit was sufficient to entitle the claimant to a lien, in the absence of any evidence showing that it did not truthfully and intelligibly describe both the items contracted for and those furnished.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

This is another subcontract lien claim, heard with the cases just disposed of by the opinion just filed under the style of "Great Southern Fireproof Hotel Company against Benjamin F. Jones et al." See 116 Fed. 793. The appellants claimed a lien for certain stage scenery, fixtures, and stage properties furnished and used to equip the stage of the opera house included in the building erected for the appellee company. The lien was denied upon the ground that the contract, a copy of which is set out in the recorded affidavit of lien, refers to certain specifications as part of the contract, which specifications were omitted from the affidavit made to secure the statutory lien. The affidavit sets out, among other things, that "the account hereto attached and marked 'Exhibit A,' and made a part hereof, is a true and correct statement of the labor performed and the materials furnished by Sosman & Landis to W. J. McClain, contractor for the building and erection of the Great Southern Fireproof Hotel and Opera House, together with the amount and values of said labor and material and times of furnishing said materials and doing said work." Recorded as a part of said affidavit, and made a part thereof, is what purports to be a copy of the contract referred to, by which the appellants bound themselves to supply to said McClain "certain described scenery, stage work, fixtures, and properties, as set forth in detail in a certain specification which is marked 'Exhibit A,' attached to, and is hereby made a part of, this contract." For the said articles the said McClain agreed to pay the lumping or entire price of $7,100 in three installments, as set out in the agreement. It is further averred that "the said materials were furnished and said labor performed in accordance with the terms" of the contract above referred to. Filed with this affidavit, and recorded as part thereof, is a statement styled "Exhibit A," and being the only exhibit of any kind attached to or recorded as part of said affidavit. This statement is in the following form: "W. J. McClain, General Contractor, Columbus, Ohio. Original. Bought of Sosman & Landis." Then follow some 200 items of scenery, stage work, and properties, of which a few are set out below as · illustrations of the whole: "1 act drop curtain; 1 varlance border; 2 tor-

mentor wings; 1 light fancy chamber set consisting of 1 center door piece, 2 set doors, 2 jog pieces, 1 center arch, 2 side arches, 3 borders,—all framed; 1 ancient street drop, 26x42 ft.; 1 rocky pass drop, 26x42 ft.; 2 rocky pass wing flippers, 3x20 ft.; 1 conservatory backing; 1 garden balustrade in four pieces framed; 1 bay window framed; 2 garden stumps; 4 pieces paper mache statuary," etc. None of the items are priced. The earliest item is dated December 20, 1895, and the latest March 21, 1896. The statement concludes as follows:

"Grooves, paint frames, adjusting and putting in place all of the above-described scenery and materials, labor bills, freight, fares, etc., etc., connected therewith..................................... $6,500  00
"Oct. 7, 1895.  Credit by cash on account of note.................   2,000  00

    "Balance ........................................................ $4,500  00
"I hereby certify that the above bill is correct, to the best of my knowledge and belief.                                    Perry Landis."

The court below held that the above could not be regarded as Exhibit A, made part of the contract, and that the affidavit was therefore defective in not including the specifications which were part of the contract.

L. G. Addison, for appellants.
J. E. Sater and D. F. Pugh, for appellee.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge, having made the foregoing statement of the case, delivered the opinion of the court.

The affidavit which a person claiming the lien accorded by the Ohio statute must file is required, among other things, to include an "itemized statement" showing the value and amount of labor done or materials furnished, and also "a copy of the contract, if it is in writing." Section 3185, Bates' Ann. St. The affidavit filed shows that the work performed and materials supplied, for which a lien on the property of the hotel company is claimed, was done at the instance of W. J. McClain, the principal contractor under a contract with the hotel company, and that the labor performed and materials supplied by appellants was in virtue of a contract in writing between affiants and said principal contractor. Included in the affidavit is a copy of said contract, and that copy discloses the fact that Sosman & Landis were to furnish said McClain, for use in the building being erected by him for the hotel company, "certain described scenery, stage work, fixtures, and properties," for an entire price, payable in installments as the contract was carried out. The copy of the contract so set out and made part of said affidavit also recites that the said "scenery, stage work, fixtures, and properties" to be furnished for the said entire price are "as set forth in detail in a certain specification which is marked 'A,' attached to, and is hereby made a part of, this contract." It is plain that, in order to know what certain "scenery, stage work," etc., was to be furnished by Sosman & Landis for the lumping price set down in the contract, it is necessary to see the specifications referred to, and that without them the contract is incomplete. But appellants say the specifications were filed and recorded and constitute the Exhibit A found on record and file marked "Exhibit A" according to the description of the specifica-

116 F.—51

tions contained in the copy of the contract. That paper has been already, in substance, set out. It is the only exhibit filed and recorded, while the affidavit refers to two documents, and makes each a part thereof as "Exhibit A." According to the affidavit, "an itemized statement" of account is filed as "Exhibit A," and the specifications of the contract are also filed as "Exhibit A." Was this single document used both as the specifications under the contract and as a statement of account, or were there two distinct documents, only one of which is filed? In favor of the contention that the document filed is not the "specification" called for as part of the contract is the fact that in form it is an account, and from its form and dates and footings would appear to have been made up after the completion of the contract, and intended as the "itemized statement," also required to be included as part of the affidavit. Upon the other hand, there is the circumstance that, while two documents are stated to be filed and made part of the affidavit, one being called "the account hereto attached, and marked 'Exhibit A,' and made a part thereof," while the other is styled "a certain specification which is marked 'Exhibit A,' attached to and made a part of this contract," only one document was in fact filed and recorded, and that one document is marked "Exhibit A," and in that particular answers for either one of the annexed papers made part of the affidavit. Again, it may fairly be said that the internal evidence afforded by an inspection of the document indicates that it may quite as well constitute the "certain specification marked 'Exhibit A,'" and made part of the contract, as "the account hereto attached and marked 'Exhibit A.'" In view of the fact that Sosman & Landis were to furnish certain "scenery, stage work, fixtures, and properties for an entire price," it is difficult to see how a more detailed description should be necessary to an understanding of the contract by those experienced in details of stage furnishings than is afforded by the descriptive items contained in the document filed. In the absence of any evidence that any other or different specifications ever existed, and of any evidence tending to show that the description found in the filed document is not intelligent, we are quite inclined to believe that one document was made to serve as both an account and specification, and that the specification originally part of the contract as an annexed paper has simply been made to serve the purpose also of an itemized statement by the addition of dates and footings, etc., and that this one document is the Exhibit A twice referred to and called for. The provision of the statute in respect to filing an account, and also the provision for filing a copy of any written contract when the materials have been furnished under such a contract, are substantially brought forward from the former mechanic's lien statutes of 1843 and 1853. The seventh section under each of the acts referred to was the section which pointed out what the person claiming the lien must do in order to secure the lien. In Thomas v. Huesman, 10 Ohio St. 152, the Ohio supreme court, after pointing out the equitable purposes of the statute, said:

"Looking thus at the object of the statute, and perceiving it to be one of an equitable character and beneficent tendency, section 7 being directory of

the mode of securing the object of the statute, the same ought to be liberally construed, for the furtherance and attainment of such object."

The notice which it was the purpose of section 3185, Bates' Ann. St., to secure, was notice to the owner and others interested of the labor done and materials furnished for which the lien was claimed, and the value thereof, and of the contract under which they were furnished. The affidavit filed and recorded, including the document filed as "Exhibit A," fulfill every purpose of the statute by giving to the owner notice of the items of "scenery, stage work, fixtures, and properties" which Sosman & Landis had agreed to supply for a lumping sum, and which they in fact averred had been supplied according to the agreement. The items in account are sufficiently descriptive to serve as specifications, and were probably intended to serve both as specifications and an account when filed. To have twice copied the same list of items would have served no useful purpose. We are the more content to place this construction upon the document filed as "Exhibit A," because the answer made no such objection, and put the defense wholly upon different grounds.

Just before the final hearing, leave to file an amended answer presenting this objection was denied. This was in the reasonable discretion of the court below, and under the circumstances was not unreasonably denied. The defect, if it be one, was apparent, and should have been earlier presented, and an opportunity thus afforded for correction or explanation, if possible.

The decree will be reversed, and the cases remanded, with direction to render a decree for the appellants according to the prayer of the bill.